IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JEFFERY JAMES JACKSON, #16703 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-460-F WO |
| D.T. MARSHALL -SHERIFF, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jeffery Jackson on May 18, 2005. In his petition, Jackson challenges criminal charges pending against him before the Circuit Court for Montgomery County, Alabama.

Upon review of the petition, the court concludes that the instant habeas corpus action should be dismissed because Petitioner has failed to exhaust state remedies with respect to each of the claims raised therein. Specifically, Petitioner may still present his claims to the state court before which his criminal case is now pending and/or on appeal of any rulings issued by such court.[1]

---

[1] Petitioner indicates that he appealed the denial of a habeas corpus petition he filed in the state court but has not yet received a ruling on his appeal. To the extent any issues raised in the instant habeas petition are appropriate for review in this court at this point in Petitioner' criminal proceedings, they must first be properly exhausted in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) & (c).

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). It is clear from the petition filed herein that Petitioner has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Petitioner's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 6, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE